T.C. Summary Opinion 2010-144


UNITED STATES TAX COURT


MARK PENNINGTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5681-08S.                    Filed September 27, 2010.


Mark Pennington, pro se.

<u>Sarah Bolen</u>, for respondent.


WELLS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the

_____

[1]All section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.  All amounts are rounded to the nearest dollar.

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax for his 2003 tax year of $32,831, a failure to file addition to tax pursuant to section 6651(a)(1) of $7,166, a failure to pay addition to tax pursuant to section 6651(a)(2) of $6,688, and a failure to pay estimated income tax addition to tax pursuant to section 6654 of $819. The parties stipulated several of the underlying issues. Both parties agree that petitioner is liable for a deficiency of $35,877 and that petitioner is not liable for a failure to pay estimated income tax addition to tax pursuant to section 6654.[2] At trial, petitioner conceded that he was liable for the failure to pay addition to tax pursuant to section 6651(a)(2). Accordingly, the only issue remaining for decision is whether petitioner is liable for the failure to file addition to tax pursuant to section 6651(a)(1).

## Background

Some of the facts and certain exhibits have been stipulated. The stipulations of fact are incorporated in this opinion by reference and are found accordingly.

---

[2]Neither party offered an explanation as to the difference between the amount of the deficiency in the stipulation of facts and the amount of the deficiency in the notice of deficiency.

At the time the petition was filed, petitioner resided in Florida. Petitioner is married to Cynthia Pennington.

Throughout tax year 2003, petitioner worked as an attorney. Petitioner moved offices three times and his personal residence once between 2003 and February 2008. In the process, petitioner lost many of his personal records.

For tax year 2003, petitioner timely filed Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return with the Internal Revenue Service (IRS) and included a payment of $983. Petitioner also filed Form 9465, Installment Agreement Request, with the IRS, stating that the total tax due was $8,171 and that he made a payment of $5,000 with his tax return. For the year in issue, respondent has no record of a Federal income tax return filed by petitioner or of any payment in excess of the $983 paid with Form 4868.

Petitioner sent the IRS a check dated April 17, 2006, for $4,597 for his tax year 2005 estimated Federal income tax liability. Respondent has no record of a return filed for tax year 2005.

Petitioner failed to file a tax return for tax year 2008.

## Discussion

Generally, a return is considered filed with the IRS when the return is delivered to and received by the IRS. See United States v. Lombardo, 241 U.S. 73, 76 (1916); Trout v.

<u>Commissioner</u>, 131 T.C. 239, 246 (2008).  However, a return that is mailed by the taxpayer on or before the filing deadline and received by the IRS after the filing deadline may be considered timely filed if:  (1) The postmark date falls on or before the filing deadline; and (2) the return is deposited in the mail in the United States in an envelope or wrapper properly addressed to the appropriate office with postage prepaid.  Sec. 7502(a). Where a return is sent by registered or certified mail, the registration or certification is prima facie evidence of delivery and the date of registration or certification is deemed the postmark date.  Sec. 7502(c); sec. 301.7502-1(c)(2), Proced. & Admin. Regs.

Section 6651(a)(1) imposes an addition to tax for failure to file a return by the date prescribed (determined with regard to any extension of time for filing).  The addition to tax is 5 percent of the tax required to be shown on the return if the failure to file does not exceed 1 month, with an additional 5 percent per month for each month the failure continues, up to a maximum of 25 percent.[3]  <u>Id.</u>  However, the failure to file addition to tax is not imposed if the taxpayer can establish that such failure is due to reasonable cause and not due to willful

---

[3]The sec. 6651(a)(1) addition to tax is reduced by the amount of the sec. 6651(a)(2) addition for any month (or fraction thereof) to which an addition to tax applies under sec. 6651(a)(1) and (2).  See sec. 6651(c)(1).

neglect.  Id.  To prove reasonable cause, the taxpayer must show that he exercised ordinary business care and prudence but nonetheless could not file the return when it was due.  See Crocker v. Commissioner, 92 T.C. 899, 913 (1989).

The Commissioner bears the burden of production with respect to the failure to file addition to tax, pursuant to section 7491(c); however, the taxpayer bears the ultimate burden of proof.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  The Commissioner need not come forward with evidence regarding reasonable cause; it is the taxpayer's burden to raise such a defense.  Higbee v. Commissioner, supra at 446.

As proof of petitioner's failure to file his 2003 Federal income tax return, respondent offered a Certification of Lack of Record for petitioner for the year in issue.  Accordingly, we conclude that respondent has met his burden of production regarding the applicability of the section 6651(a)(1) addition to tax.

Petitioner, a calendar year taxpayer, was required to file a 2003 Federal income tax return by April 15, 2004 (2003 return).  Sec. 6072(a).  However, taxpayers are allowed an automatic 4-month extension of time to file if they Form 4868 before the date prescribed for filing the individual income tax return.[4]  Sec.

---

[4]Temporary regulations applicable to applications for automatic extensions of time to file an individual income tax

(continued...)

6081; sec. 1.6081-4(a), Income Tax Regs. Petitioner timely filed Form 4868 extending the time to file a 2003 return until August 15, 2004.[5] Consequently, in order to prevail on the section 6651(a)(1) addition to tax, petitioner must prove either that he timely filed his 2003 return by the extended due date or that he had reasonable cause for his failure to file his return by the extended due date.

By letter dated December 10, 2007, respondent mailed petitioner a notice of deficiency determining, among other things, the failure to file addition to tax pursuant to section 6651(a)(1). Petitioner worked with respondent's employee Sandra Lowe to resolve the issues in the notice of deficiency. Ms. Lowe advised petitioner to recreate a return for the 2003 tax year. On October 20, 2008, petitioner faxed Ms. Lowe a Federal income tax return that he recreated for tax year 2003. On November 7, 2008, petitioner found a box containing the 2003 return he and Mrs. Pennington had purportedly filed, which was dated July 4 and

---

[4](...continued)
return filed after Dec. 31, 2005, increase the automatic extension period from 4 months to 6 months. Sec. 1.6081-4T, Temporary Income Tax Regs., 70 Fed. Reg. 67359 (Nov. 7, 2005). These regulations became permanent during 2008, and the permanent regulations apply to applications for automatic extensions of time to file individual income tax returns filed after July 1, 2008. See T.D. 9407, 2008-33 I.R.B. 330.

[5]It is unclear from the record whether petitioner's Form 4868 was for himself or himself and Mrs. Pennington.

9, 2004.  On December 18, 2008, petitioner provided respondent a copy of the allegedly filed 2003 return.

Petitioner testified that he always files his returns. Petitioner contends that he filed a 2003 return on July 9, 2004, and a 2005 return on August 10, 2006.  However, respondent has no record of a return filed by petitioner for tax year 2003 or 2005, and at trial petitioner admitted that he did not file a return for tax year 2008.[6]  In the months leading up to trial, petitioner changed his position regarding the filing of his 2003 return a number of times.[7]  Accordingly, we give little weight to petitioner's testimony that he "always" files his returns.

Petitioner testified that he mailed a 2003 return from a post office in the city where he resided.  However, petitioner did not offer proof of mailing such as proof of certified or registered mailing.  See sec. 7502(c).  Additionally, petitioner failed to recall specifically either mailing the 2003 return or, if he mailed it, from which post office he mailed it.

---

[6]The trial of the instant case took place on Nov. 3, 2009. Petitioner did not contend that he filed for an extension of time to file the 2008 return.  The extension, if timely filed, would have expired on Oct. 15, 2009.  Sec. 1.6081-4(a), Income Tax Regs.

[7]In his motion to continue dated Nov. 5, 2008, petitioner stated that he was "certain that he had filed his tax return for 2003 like every other year.  However, it now appears that this was not the case for the year 2003."  At trial on Nov. 3, 2009, petitioner testified that he was certain that he had timely filed his 2003 return.

Petitioner and his wife signed the copy of the 2003 return provided to respondent on December 18, 2008. The allegedly filed return was dated July 4 and 9, 2004. We note that Ms. Pennington did not testify at trial. Moreover, petitioner failed to offer proof of actual delivery of the 2003 return or reasonable cause for failure to file his 2003 return.

Accordingly, on the basis of the record, we hold that petitioner has failed to meet his burden of proving that he timely filed a 2003 Federal income tax return and has failed in his burden of proving reasonable cause for his failure to timely file his return. Consequently, we sustain respondent's determination of an addition to tax pursuant to section 6651(a)(1).

The Court has considered all other arguments made by the parties and, to the extent we have not addressed them herein, we conclude they are them moot, irrelevant, or without merit.

To reflect the foregoing and the parties' concessions,

Decision will be entered
under Rule 155.